## IN THE COURT OF APPEALS OF IOWA

No. 17-1778
Filed January 24, 2018

**IN THE INTEREST OF E.S. and E.S.,**
**Minor Children,**

**T.B., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin A. Parker, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights.
**AFFIRMED.**

Andrea M. Flanagan of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Yvonne C. Naanep, Des Moines, guardian ad litem for minor children.

Considered by Vogel, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights. Termination of her rights is in the children's best interests and none of the exceptions to termination should be applied. We affirm the juvenile court's decision terminating the mother's parental rights.

## I.     Background Facts & Proceedings

T.B. is the mother of E.S., born in 2015, and E.S., born in 2016. The children's father lived in the home, along with the father's child from another relationship, C.S., who was born in 2016. On October 30, 2016, C.S. was discovered to be unresponsive, and he eventually died from a large subdural hematoma caused by abusive, traumatic brain injury. T.B. told police officers she had shaken C.S. T.B. was charged with child endangerment resulting in death. The mother has been in jail since November 9, 2016, pending resolution of the criminal proceedings.

Due to the injuries to C.S., E.S. and E.S. were removed from the parents' care on October 31, 2016. The children were initially placed with relatives and then placed in foster care. On December 21, 2016, E.S. and E.S. were adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2016). The mother has not had visitation with the children since she has been in jail, although she had some telephone contact with them.

On April 20, 2017, the State filed a petition seeking to terminate the parents' rights. The father consented to termination of his rights. After a hearing,

the juvenile court entered an order on October 20, 2017, terminating the mother's parental rights under section 232.116(1)(b), (e), and (h) (2017).[1] The court found termination was in the children's best interests and no exceptions to termination, as set out in section 232.116(3), should be applied. The mother appeals the juvenile court's decision.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(h).

The mother concedes the children were each three years of age or younger, had been adjudicated CINA, and had been removed for at least six months, but claims her rights should not have been terminated under section

---

[1] The father's rights were also terminated. He has not appealed.

232.116(1)(h) because the children could have been safely returned to the care of the father. A parent does not have standing to assert an argument on behalf of the other parent in termination proceedings. *See In re K.R.*, 737 N.W.2d 321, 323 (Iowa Ct. App. 2007); *see also In re D.G.*, 704 N.W.2d 454, 460 (Iowa Ct. App. 2005) (noting the parents "each needed to advance their own reasons on appeal why, considering the juvenile court's findings regarding their individual strengths and weaknesses, their separate parental rights should not be terminated"). The evidence shows the children could not be safely returned to the care of the mother, as she was in jail awaiting trial for child endangerment causing death. We conclude the mother's parental rights were properly terminated under section 232.116(1)(h).

## IV.     Best Interests

The mother claims termination of her parental rights was not in the best interests of the children. She states she has a close bond with the children and tried to stay connected to them while she was in jail. In considering a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The juvenile court found:

> The children require permanency. The mother and father have not been able to reunite with the children in the past year. The children should not be required to wait for their mother and father to address their issues and parent so the children are no longer in danger. Additional time for reunification is not in the children's best interest.

We agree with the juvenile court's findings. We determine it would not be in the children's best interests to further the case until the mother's criminal case is concluded, as she requests. We conclude termination of the mother's parental rights is in the children's best interests.

## V. Exceptions to Termination

The mother claims the juvenile court should have applied the exception to termination found in section 232.116(3)(a) because the children had been placed with relatives. We conclude the exception in section 232.116(3)(a) is not applicable in this case because the children were in foster care at the time of the termination hearing.

The mother also claims the juvenile court should have declined to terminate her parental rights based on the exception in section 232.116(3)(c), "There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The juvenile court found, "The bond between the parents and child is good." The court considered the exception in section 232.116(3)(c) and concluded termination of the mother's rights was in the children's best interests. We agree with the juvenile court's conclusions. Despite the mother's bond with the children, she was unable to provide a safe, stable home for them.

We affirm the juvenile court's decision terminating the mother's parental rights.

**AFFIRMED.**